UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE



---

Federal Building and United States Post Office                    Telephone: (605) 224-0560
225 South Pierre Street, Room 211                                        Fax: (605) 224-9020
Pierre, South Dakota 57501-2463

November 2, 2006


Dale A. Wein
Chapter 13 Trustee
Post Office Box 1329
Aberdeen, South Dakota  57402-1329

Paula Kloxin
Rod Kloxin
3201 South Bluegrass Court
Sioux Falls, South Dakota  57103

    Subject:    *Trustee Dale A. Wein v. Paula Kloxin and Rod Kloxin*
                      *(In re Jeffrey L. Daschel)*
                      Adv. No. 06-5025
                      Chapter 13; Bankr. No. 03-50425

Dear Trustee Wein and Ms. and Mr. Kloxin:

       The matter before the Court is the Motion for Judgment on the Pleadings filed by Trustee-Plaintiff Dale A. Wein.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order and judgment shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052.  As set forth below, Trustee-Plaintiff Wein's motion will be granted.

       *Summary*.  Jeffrey L. Daschel ("Debtor") filed a chapter 7 bankruptcy case, which was later converted to chapter 13.  Creditors Rod and Paula Kloxin ("Kloxins") filed a proof of claim for $74,551.75 and an amended proof of claim for $12,507.30.  Debtor objected to Kloxins' amended proof of claim.  During the administration of the bankruptcy case, Debtor and Kloxins were involved in protracted litigation, both before this Court and the state court.  Ultimately, on December 13, 2005, Debtor withdrew his objection to Kloxins' amended proof of claim, and Debtor's proposed plan was confirmed.

Re:  *Wein v. Kloxin*
November 2, 2006
Page 2

Following confirmation of Debtor's plan, Chapter 13 Trustee Dale A. Wein ("Trustee Wein") began distributions to Debtor's creditors.  Trustee Wein's office inadvertently – and incorrectly – based the initial distribution to Kloxins on their original proof of claim, not their amended proof of claim.  As a result, Kloxins received $17,268.04, when they should have received only $4,871.59.  This overpayment of $12,396.45 resulted in an underpayment to Debtor's other unsecured creditors, because all unsecured creditors were paid *pro rata*.

When he discovered the error on March 29, 2006, Trustee Wein contacted Kloxins through their attorney and requested a return of the $12,396.45 overpayment.  Kloxins did not voluntarily return the funds, and on August 1, 2006, Trustee Wein commenced this adversary proceeding, seeking an order directing Kloxins to return the overpayment.

Kloxins filed a *pro se* letter response, which the Court docketed as an answer to Trustee Wein's complaint, on August 30, 2006.  That response, which was addressed to Trustee Wein, included copies of Kloxins' August 2, 2006 letter to Assistant United States Trustee Bruce J. Gering and August 15, 2006 letter to Governor Mike Rounds.  In the former, Kloxins expressed their disappointment in Trustee Wein and his handling of the overpayment.  In the latter, they complained of various wrongdoings on the part of Debtor.  Kloxins concluded their letter response by indicating they would let Trustee Wein know what they would be doing about the overpayment once they heard from the governor's office.

Trustee Wein filed a motion for judgment on the pleadings on September 6, 2006.  In his motion, he argued Kloxins had not disputed any of the facts set forth in his complaint and he was entitled to judgment as a matter of law.  Kloxins filed a letter response on September 20, 2006.  In their response, Kloxins stated the governor's office had misplaced their August 15, 2006 letter and they had had to re-send it.  They further stated they would let the Court know what they would do "once this mess is investigated."  Kloxins did not dispute any of the allegations of Trustee Wein's complaint or his motion for judgment on the pleadings.

*Discussion.*  When evaluating a motion for judgment on the pleadings, a court must accept as true all factual allegations set forth by the opposing party and draw all reasonable inferences from the facts in their favor.  *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004).  The party filing the motion will be entitled to a judgment in his favor only if there are no material facts in dispute and he is entitled to a judgment as a matter of law.  *Id*.

Re: *Wein v. Kloxin*
November 2, 2006
Page 3

In this adversary proceeding, Kloxins have not set forth any factual allegations of their own regarding the $12,396.45 overpayment they received.  They have not challenged any of the facts set forth by Trustee Wein in his complaint.  They have not claimed Trustee Wein is not entitled to a return of the overpayment.  Accordingly, an order and judgment for $12,396.45 will be entered for Trustee Wein and against Kloxins.  The parties shall bear their own costs and attorneys' fees.

The Court understands Kloxins are frustrated and dismayed by the protracted and difficult nature of their litigation with Debtor, both before this Court and before the state court.  However, neither their frustration and dismay nor their allegations of fraud on Debtor's part have any bearing on Trustee Wein's right to recover the overpayment.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh

cc: adversary file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Linda M. LaFortune
Acting Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Linda M. LaFortune
Acting Clerk, U.S. Bankruptcy Court
District of South Dakota